## L. E. BEAUDIN SHOE CO.
*vs.*
## LEWIS W. MILLEN ET AL.

Superior Court        New Haven County        File No. 58515

MEMORANDUM FILED JANUARY 20, 1943.

*Lyman H. Steele,* of New Haven, for the Plaintiff.

*Louis Feinmark* and *Isadore G. Strauss,* of New Haven, for the Defendants.

QUINLAN, J. Examination of *Boothe vs. Armstrong,* 76 Conn. 530; *Hubley Mfg. & Supply Co. vs. Ives,* 81 id. 244, and *Downing vs. Wilcox,* 84 id. 437, give a fair historical review of the liberal development under our Practice Act and decisions of counterclaims, which may embrace set-offs and recoupment. Notwithstanding that the right of set-off has always been confined to rights of action arising from contract, it has been recognized that if the subject matter is so connected with the matter in controversy under the original complaint that its consideration is necessary for a full determination of the rights of the parties even tort may be counterclaimed.

Here the complaint is in contract, but the idea of mutual debts has been extended in signification. *See Hubley Mfg. & Supply Co. vs. Ives, supra.* Moreover, for many years it has been a recognized principle "that two suits shall not be brought for the determination of matters in controversy between the same parties, whether relating to legal or equitable rights, or to both, when such determination can be had as effectually and properly in one suit." *Welles vs. Rhodes,* 59 Conn. 498, 503.

This plaintiff has submitted its cause to this jurisdiction. Why should the defendants be required to go to another state? *Hubley Mfg. & Supply Co. vs. Ives, supra,* p. 247.

Again, the defendants allege a general course of business dealings. Whether that can be proved or not remains to be seen, but that is the pleading. Even if regarded as a claim of a wholly independent character, neither *Harral vs. Leverty,* 50 Conn. 46, 63, nor *Hartford-Connecticut Trust Co. vs. Riverside Trust Co.,* 123 id. 616, 630, bar a set-off by way of counterclaim, as long as it is not a claim against a co-defendant. And finally, recoupment for breach of warranty under our

present practice is to be pleaded as a counterclaim, and reference is made to sections 4689 and 5511 of the General Statutes, Revision of 1930, as well as to *Capitol Coal Co. vs. Greenberg,* 114 Conn. 422.

The motion to strike out is denied.