[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By substitute complaint dated February 5, 1990, plaintiffs Christopher and Debra Pelletier filed a four count complaint against defendant Paul Shea sounding in negligence, negligent infliction of emotional distress, breach of contract and breach of contract-emotional distress. It is alleged that the plaintiffs contracted with the defendant-attorney to represent them in the purchase of a piece of real property located in Waterbury in August, 1984. The agreement of sale states that the subject property was approximately 100 x 120 feet. The conveyance deed conveyed a piece of property of only 100 x 80 feet. The plaintiffs allege that they relied upon Shea to read and carefully and thoroughly review the conveyance deed as he was hired to do in his representation of them. As a proximate cause of his failure to do so, the Pelletiers claim financial harm and emotional distress.
The plaintiffs did not discover the discrepancy in real property descriptions until late 1987 or early 1988 when they decided to build a garage and measured the dimensions as contained in their conveyance deed.
On May 9, 1990, defendant Shea filed an answer and four special defenses, the second and third which are attacked in the motion to strike presently before the court. Special defense No. 2 argues that the issues raised in this complaint have been previously decided in a lawsuit entitled Christopher Pelletier et al v. Luigi Velardi et al, and therefore, the plaintiffs are barred from recovery in this matter on the theory of res judicata. Special defense No. 3 makes the same claim but offers the theory of collateral estoppel as a bar to this lawsuit.
Memoranda of law in support and opposition to the motion have been filed by the respective parties.
I. Res Judicata
 The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.
Orselet v. DeMatteo, 206 Conn. 542, 544 (1988) (quoting Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556, 559-60 (1980). CT Page 2149
"Our rules of res judicata are based on the public policy that a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate." Connecticut Water Supply v. Beausoleil, 204 Conn. 38, 43 (1987) (citations omitted).
Based upon the Memorandum of Decision attached to defendant's objection to the motion to strike, the matter decided by Judge McDonald was whether the Pelletiers had demonstrated facts which would require specific performance of the real estate contract and reformation of the deed of conveyance. Judge McDonald stated that "[i]nstead of the mutual mistake required for reformation of a deed . . ., the court finds here the defendants [Luigi and Maria Velardi] intended to convey what they did in fact convey" and thereafter entered judgment for the defendants.
The claims asserted in the present action are based upon the alleged legal malpractice of defendant Shea in his representation of the Pelletiers' in the purchase of the real property conveyed pursuant to the deed at issue in the first suit.
 In determining whether a particular claim is precluded by the doctrine of res judicata, our Supreme Court has adopted the transactional test of the Restatement (Second), Judgments. Duhaime v. American Reserve Life Ins. Co., supra, 364-65. Section 24 of the Restatement provides that "the claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." The transactional test measures the reclusive effect of a prior judgment, which includes any claims relating to the cause of action that were actually made or that might have been made. Duhaime v. American Reserve Life Ins. Co., supra, 365. In determining the nature of a cause of action for these purposes, we have long looked to the `group of facts which is claimed to have brought about an unlawful injury to the plaintiff; Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 197, 91 A.2d 778 (1952); and have noted that `[e]ven though a single group of facts may give rise to rights for several kinds of relief, it is still a single cause of action.' Id. Duhaime v. American Reserve Life Ins. Co., supra.
Vakalis v. Kagan, 18 Conn. App. 363, 366-67 (1989).
The earlier claim of mutual mistake between the Velardis' and the Pelletiers turns on additional facts and events unrelated to plaintiffs' present claims of legal malpractice. In the present suit, plaintiffs allege that Shea failed to perform a task he was hired to do, i.e. read and carefully review the conveyance deed to be sure it reflected the agreement of sale. The group of facts which is claimed to have brought about the unlawful injury to the Pelletiers are not so related that they should have been made in the first action, therefore the motion to strike the second special defense sounding in res judicata is granted. II. Collateral Estoppel
"Collateral estoppel, or issue reclusion, is the doctrine that bars relitigation, in a second action between the same parties brought upon a different claim, of issues already determined in the first action." State v. Aillon, 189 Conn. 416,424 n. 8 (1983); Hansted v. Safeco Inc. Co. of America, 19 Conn. App. 515,518 n. 1 (1989) (emphasis added). In his objection to plaintiffs' motion to strike,.[t]he defendant stipulates that the parties to this instant lawsuit were not the parties to a prior lawsuit upon which he relies to set forth his special defense of collateral estoppel. (see memo, p. 2). Shea's stipulation, in light of applicable law, requires the court to grant defendants' motion to strike defendant's third special defense sounding in collateral estoppel.
So ordered.
LANGENBACH, J. CT Page 2150