[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action to obtain possession of a small area of land along the northerly boundary of the plaintiffs' property where a deck and a corner of the defendants' residence encroaches across the boundary line between the defendants' and the plaintiffs' properties. The area in question is shown as "deck encroaches 2.9' and house CT Page 5727 encroaches 2.8'" on a boundary map of the property. The defendants have filed a counterclaim and setoff claiming that they made improvements on the area in question in good faith. On that basis they request the Court to determine the present value of the improvements which encroach across the boundary line and request damages for that amount, pursuant to section47-30 of the General Statutes.
The plaintiffs have filed a motion for summary judgment claiming that there is no genuine issue as to any material fact in their amended complaint of February 11, 1991. They request a summary judgment on the issue of possession. In support of the motion they have filed an affidavit, a memorandum of decision in a prior action between the parties and a map referred to in that decision. One of the defendants has filed a counter-affidavit stating that the plaintiffs were aware of the intention of the defendants to build an addition on the property in 1984 and that the addition to the residence was done in good faith reliance upon a survey.
There is a prior action involving the same parties to determine the boundary line between their respective properties and whether and to what extent the defendants in this action acquired title to a portion of the plaintiffs' property by adverse possession. The Court can take judicial notice of that file, and the pertinent portions of it have been attached as exhibits to the motion for summary judgment. See Michael Gabriel, et al. v. Michael Wagner, et al., CV86 022310S, Superior Court at Milford. In that case Judge Thomas J. O'Sullivan as a state Trial Referee rendered a judgment on October 26, 1989 and amended November 17, 1989 determining the common boundary line between the land of the plaintiffs and the defendants. A judgment file dated November 19, 1990 was signed by the parties or their representatives. The plaintiffs in this case claim that the doctrine of res judicata eliminates any questions of material fact on the complaint and that they are entitled to judgment as a matter of law. The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to that cause of action which were actually made or which might have been made. Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 43. It is clear that the judgment in the former action determined the boundary line between the properties and that a portion of the deck and the house, namely the area involved in this action, encroached upon the plaintiffs' property and that the defendants have not obtained title to it by adverse possession. A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. Once the moving party has presented evidence in support of a motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. State v. Goggins, 208 Conn. 606, 616; Bartha v. Waterbury House Wrecking Co., supra, 11, 12. Since the no appeal was taken in the former action, the judgment is binding upon the parties under the doctrine of res judicata. That judgment forms the basis for the claims in the plaintiffs' complaint in this action requesting possession of the area which encroaches across the boundary line. The counter-affidavit does not establish any facts which prevent the plaintiffs from obtaining possession of that area. The counter-affidavit supports the claims under the defendants' counterclaim and setoff dated March 27, 1991. The defendants have not shown that there is any genuine issue of material fact as to the plaintiffs' complaint. The issue raised by the defendants applies to the counterclaim and setoff rather than the complaint, so the plaintiffs are entitled to judgment on the complaint as a matter of law, even if there are issues of material fact as to the rights of the parties on the counterclaim.
Summary judgment is granted for the plaintiffs on the complaint.
ROBERT A. FULLER, Judge.
CT Page 5728