[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendants in this action move for summary judgment on numerous grounds. Since the court finds in favor of the defendants on the basis of res judicata, a brief procedural history of the case is pertinent. In September 1988, the plaintiff filed an action in the United States district court for the district of Connecticut against one of the defendants in this case, Aetna Life Insurance Co. In the federal case, she alleged that Aetna had violated Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e, et seq., in terminating her as an employee. Specifically, she claimed that the conduct of Aetna personnel in terminating her on the basis of unsatisfactory attendance and failure to report her absence properly was in reality discrimination on account of her pregnancy. On July 13, 1989, shortly before the trial of the federal case, the plaintiff filed this action against Aetna and co-defendant Harry Kunze, a supervisor at the company. In this action, she alleges breach of employment contract, breach of obligation of good faith and fair dealing, promissory estoppel, and intentional infliction of emotional distress. The complaint in this case alleges all of the facts set forth in the complaint in the federal case, as well as additional facts to support her breach of contract claims. In each case, all of the events giving rise to the cause of action took place during the same time span, July 1 through July 29, 1986; all of the facts alleged related to her pregnancy, illness, and termination of employment; and the critical fact which triggered each law suit was her termination. On August 28, 1989, the federal district court (Nevas, J.) decided the federal case in favor of the defendant Aetna, finding that the actual reason for the plaintiff's termination was her violation of established company policy in failing to give proper notification of intended absences.
Conn. Practice Bk. 379 provides in part, "In any action, . . . any party may move for summary judgment, provided that the pleadings are closed as between the parties to that motion." The defendants Aetna and Kunze jointly filed an answer with four special defenses on September 13, 1989. The plaintiff has not replied to defendants' special defenses. Therefore, as a technical matter, the pleadings are not closed. On September 24, 1990, however, the defendants filed a motion for summary judgment based on their special defenses. The plaintiff has filed a memorandum in opposition, to which the defendants have filed a memorandum in reply. For purposes of CT Page 6586 deciding the motion for summary judgment, therefore, the court regards the pleadings as functionally closed. See Brookfield v. Candlewood Shore Estate, Inc. 201 Conn. 1 (1986).
As indicated, the defendants first argue that their motion should be granted because the plaintiff's claims are barred by the doctrine of res judicata. With respect to that rule, the material facts are set forth above in the procedural history of the two cases, and they are undisputed. The plaintiff argues that the doctrine does not apply in this case, however, because the two law suits were, for a time, pending concurrently, and the doctrine bars only "subsequent" actions. This argument misconstrues the rule. A "former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made." Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 43 (1987) (emphasis added). Moreover, the Restatement rule holds that "(f)or the purposes of res judicata, the effective date of a final judgment is the date of its rendition, without regard to the date of commencement of the action in which it is rendered or the action in which it is to be given effect," 1 Restatement (Second) Judgments 14. When the federal district court rendered its judgment on August 28, 1989, therefore, that judgment became effective for the purpose of applying the rule of res judicata against this case, even though this case was commenced prior to that judgment.
The plaintiff next argues that application of the rule of res judicata would have required her, in effect, to bring her "state claims" in federal court and that the federal court would probably have declined to assume pendent jurisdiction. It is true that the doctrine seeks to conserve judicial resources by barring subsequent claims that should have been raised in the first forum. Obviously, the plaintiff would have been unjustly harmed by the application of the doctrine if she had brought her "state claims" along with her "federal claim" in federal court and that court had declined to hear the "state claims." But that scenario did not occur, and this court cannot speculate how the federal court would have treated the plaintiff's "state claims" if she had pursued them there. Nor did the plaintiff take advantage of the opportunity to combine her Title VII claim with her "state claims" in this court, as she was entitled to do. See Yellow Freight Co. v. Donnelly,110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Instead, the plaintiff chose to divide her claims between the two courts and thus encounter the res judicata rule. In essence, the plaintiff argues that this court should not apply the rule against her because the effect is to deny her the choice of forum in which to litigate her various claims. This argument CT Page 6587 directly challenges the jurisprudential policy underlying the res judicata doctrine. In this court's view, the plaintiff's contention may not be sustained. The doctrine of res judicata "is based on the public policy that a party should not be able to relitigate a matter on which it has already had an opportunity to litigate." In Juvenile Appeal, 190 Conn. 310,318 (1983). Our supreme court has held that the underlying purposes of the doctrine of res judicata are generally "`(1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation.'" State v. Ellis, 197 Conn. 436, 465-66 (1985), quoting, People v. Taylor, 12 Cal.3d 686, 695 (1974). Nevertheless, "(i)t . . . is to be invoked only after careful inquiry." Id. at 466. "Because the operative effect of the principle of claim preclusion is to preclude relitigation of the `original claim,' it is crucial to define the dimensions of that `original claim,'" Duhaime v. American Reserve Life Insurance Co., 200 Conn. 360, 364 (1986). In Duhaime the court adopted the transactional test of the Restatement (Second) Judgments to determine what constitutes the "original claim." That is that "`the claim (that is) extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a `transaction', and what groupings constitute a `series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Id.
In the instant case, the plaintiff's claims arise out of the same set of facts as were the basis of her claim in federal court. They would clearly form a convenient trial unit. Facts which would prove discrimination would also prove violation of employment contract and intentional infliction of emotional distress. Since she already had the opportunity to litigate those claims in conjunction with her federal law suit, she is barred by the doctrine of res judicata from litigating them here.
Although the court's conclusions with respect to the res judicata issue are dispositive of the case, the court has reviewed the additional bases advanced by the defendants in support of their motion for summary judgment. These raise issues of material fact and would not, therefore, sustain the defendants' position. CT Page 6588
The defendants' motion for summary judgment is granted on the basis that the plaintiff's claim are barred by the doctrine of res judicata.
MALONEY, J.