[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal by the plaintiff. Connecticut Conservation Association, of Danbury, of a decision of the defendant, the Bridgeport Zoning Commission, granting the applications of defendant Price Company for coastal site plan CT Page 10826 approval, and also for a coastal area management special permit, in order to construct a retail shopping center on a site of approximately thirty acres on Seaview Avenue in Bridgeport. The plaintiff intervened pursuant to General Statutes 22a-19 to challenge the granting of Price's applications on environmental grounds.[1]
The plaintiff moved to disqualify one of the members of the defendant Commission, Clarence T. Williams, who was one of the three members who voted in favor of the applications in a three to two decision. The alleged grounds for the motion are: (1) that Mr. Williams owns real estate in the immediate vicinity of the Seaview Avenue site in Bridgeport that was the subject of the applications to the defendant Commission; and (2) that a spokesman for a business organization of which Mr. Williams was a key member spoke in favor of the applications at the public hearing.
The defendants claim that under Red Hill Coalition. Inc. v. Town Plan Zoning, 212 Conn. 727, 740, n. 13, 563 A.2d 1347
(1989), an intervenor such as the plaintiff is restricted to raising environmental issues concerning "air, water or other natural resources." However, footnote 13 in Red Hill left open the question of whether an intervenor under General Statutes 22a-19
could raise due process issues such as conflict of interest, or other procedural matters.[2] The plaintiff cites Manchester Environmental Coalition v. Stockton, 184 Conn. 51, 56,441 A.2d 68 (1981), to the effect that the Environmental Protection Act (EPA), General Statutes 22a-14 et seq., creates "both procedural and substantive rights," and also that the EPA should be "liberally construed" in order to effectuate its purpose of protecting and enhancing this state's environment. This case, however, does not hold that an intervenor such as the plaintiff has the right to contest matters other than those environmental issues specified in the statute. Instead Manchester states that "[t]he standing conferred by the EPA is for the limited purpose of raising environmental issues." Id., 66. See also Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 45,526 A.2d 1329 (1987)("Although intervention is allowed, it is strictly limited to the raising of environmental issues"). On the other hand, Concerned Citizens v. Siting Council, 215 Conn. 474,484, 576 A.2d 510 (1990), could plausibly be cited for the proposition that these intervening plaintiffs do have some procedural due process rights, as assumed by the Supreme Court "arguendo." In a footnote the court refers to a party that intervened under General Statutes 22a-19, which thereby afforded the intervenor "statutory aggrievement sufficient to raise all relevant environmental issues under General Statutes 22a-19. Statutory aggrievement ordinarily encompasses standing to raise constitutional as well as statutory issues that have an CT Page 10827 environmental nexus. Connecticut Fund for the Environment v. Stamford, 192 Conn. 247, 249-50, 470 A.2d 1214 (1984)." Id. n. 5.
The scope of intervention in an environmental case is a knotty question but need not be answered in this case because, after listening to the evidence, I have concluded that there was no conflict of interest of the part of Mr. Williams when he voted in favor of the applications by defendant Price Company.
Taking up first the matter of his real estate holdings near the site of the application, it was disclosed that Mr. Williams owns four separate pieces of property on Seaview and DeForest Avenues. These consist of a one family home in which he resides, a two family house, and two condominium units in a complex having eleven such units, all of which he leases out. It is unclear precisely how far Mr. William's property is from the premises that were the subject of the zoning applications, but the best estimate is at least four hundred feet, and possibly as many as five hundred feet away.
The issue is whether Mr. Williams was "directly or indirectly interested in a personal or financial sense" in the outcome of the Price Company's applications. If the answer is yes, then he should be disqualified from participating in the decision on these applications on the authority of General Statutes 8-11. The concepts of financial and personal interest were addressed recently in Ghent v. Zoning Commission, 220 Conn. 584, 593, A.2d (1991), involving similar wording in General Statutes 8-21, the planning statute. A personal financial interest is described as one in which a person "stood to gain financially from the adoption of the amendments." Id. The case points out that prior opinions or even sponsorship of a particular zoning proposition do not create a personal interest.
There is no evidence that the granting of the applications in question would enhance the value of Mr. Williams' real estate holdings. As a matter of fact, the opposite might be true, and increased traffic would cause an adverse effect.[3] The plaintiff points to the probability of a general betterment of the neighborhood by virtue of the proposed replacement of an abandoned industrial site with a modern and attractive shopping plaza. I do not believe that a financial or personal interest results simply because Mr. Williams would naturally be interested in an improvement of his neighborhood.
There was some confusion at the hearing conducted by this court when Mr. Williams referred to a possible road widening as having an adverse effect on him personally, but the road widening issue is connected with the Cilco property across from his property, not the subject premises which are down Seaview Avenue a CT Page 10828 considerable distance.
The second claim of disqualification relates to the fact that one of the persons who spoke in favor of the applications was a Mr. Don Hayward, who is the executive director of the Metropolitan Business Association, an organization of which Mr. Williams was a founder, and is currently on its board of directors and serves as secretary. It is a little difficult to discern whether Mr. Hayward purported to speak for the organization, which promotes business interests in the eastern part of Bridgeport for minority citizens.[4] In any event, Mr. Hayward had not been authorized to make an appearance for the organization, nor had there been a meeting of the board at which the Price Company applications were discussed. Therefore, I am satisfied that Commissioner Williams had neither the requisite financial or personal interest to warrant his disqualification under General Statutes 8-11, and accordingly the plaintiff's motion to disqualify him is denied.
If any party wishes to submit additional briefs on the substantive issues of the case, they should be filed not later than January 21, 1992.
So Ordered.
Dated at Bridgeport, Connecticut, this 30th day of December, 1991.
WILLIAM B. LEWIS, JUDGE