[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The complaint in this case seeks damages for the defendant's alleged conduct in wrongfully influencing appraisals for the purpose of increasing the amount of a deficiency judgment in a prior foreclosure action. It alleges that wrongful conduct of the defendant Fleet Bank of Connecticut ("Fleet Bank") caused a delay in the proceedings on the deficiency judgment and created the need for extensive cross-examination and additional appraisals to the expense and detriment of the plaintiffs.
The defendant has moved to dismiss the action on the grounds that it is banned by the doctrines of res judicata and "prior pending action."
The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made. Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 43, 526 A.2d 1329 (1987); Gagne v. Norton, 189 Conn. 29, 32, 453 A.2d 1162 (1983). The rules of res judicata are based on the public policy that a party should not be allowed to relitigate a matter which it has already had an opportunity to litigate. In re Juvenile Appeal (83-DE), 190 Conn. 310, 318, 460 A.2d 1277 (1983).
The defendant claims that during the course of the foreclosure proceedings, the plaintiffs could have raised the defendant's purported misconduct with respect to the appraisal process by special defense or counterclaim, but failed to do so. The defendant also claims that during the proceedings on the deficiency judgment the plaintiffs did raise the issue of the defendant's improper role in the appraisal process and that the court found that certain appraisals were "substantially influenced by [Fleet Bank] . . . to produce an unrealistically low value." Memorandum of Decision on Motion for Deficiency Judgment, November 22, 1991, O'Connell, J., No. 58145, Judicial District of Middlesex. CT Page 7722
The issues involved in the foreclosure action were the amount of the debt, and the value of the real estate which secured the debt. The present case sounds in tort and seeks damages for wrongful conduct in influencing appraisals. The claims asserted in this case have no connection with the making, validity or enforcement of a mortgage. Therefore, they could not have been raised as a defense to the foreclosure action. Those claims could not have been plead as a counterclaim to the foreclosure action because they did not "arise out of" the same transaction as the foreclosure within the meaning of Practice Book 116 because they were not "so connected with the matter in controversy that their adjudication is necessary for a determination of the rights of the parties." Sydney v. Mugford Printing and Engraving Co., 214 F. Sup. 841 (D.Conn. 1914); Downing v. Wilcox, 84 Conn. 437, 80 A. 288 (1911); Allstate Ins. Co. v. Appell, 39 Conn. Sup. 85 (1983); Beaudin Shoe Co. v. Miller, 12 Conn. Sup. 33 (1943).
The plaintiffs could not have raised the damage claims they now assert in the context of the foreclosure action. Therefore, the doctrine of res judicata does not bar this action. See Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 47,526 A.2d 1329 (1987).
The defendant claims that the appeal of the deficiency judgment in the foreclosure action constitutes a prior pending action which warrants the dismissal of this action. Under the prior pending action doctrine the "pendency of a prior suit of the same character, between the same parties, brought to obtain the same end/or object is good cause or a abatement because there cannot be any reason or necessity for bringing the second action, and thus the second action is deemed to be oppressive and vexatious. Hannafin v. Ethics Commission, 39 Conn. Sup. 99
(1983).
The appeal of the deficiency judgment pertains to the value of the mortgaged property. The present action concerns the alleged improper conduct of Fleet Bank in influencing the appraisal process. The gravamen of the plaintiffs' case herein is that the defendant's improper conduct caused the plaintiffs to incur additional expense in the foreclosure proceedings. Therefore, this is not a suit "of the same character" as the pending appeal and that appeal should not bar this proceeding.
For the foregoing reasons, the Motion to Dismiss is denied.
By The Court: Aurigemma, J. CT Page 7723