[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED NOVEMBER 27, 1995
This action is a real estate tax appeal by the plaintiff, Elms Common Associates, Limited Partnership, seeking to reduce the assessment of its real property located at 963 Elm Street in the town of Rocky Hill on the grand list of October 1, 1993. In its appeal, the plaintiff alleges that the valuation placed on the property by the assessors was not the percentage of its true and actual value on October 1, 1993, but was grossly excessive, disproportionate and illegal. The plaintiff further alleges that it appealed to the board of tax review, but the board denied its appeal. The defendant, town of Rocky Hill, interposes two special defenses to the plaintiff's complaint. The first special defense is that the plaintiffs claim is barred by the doctrine of res judicata. The second special defense is that the plaintiffs claim is barred by the doctrine of collateral estoppel.
On April 3, 1995, the town filed a motion for summary judgment on the plaintiff's complaint, on the basis that there are no genuine issues of material fact remaining between the parties and that the town is entitled to judgment as a matter of law because the plaintiff's action is barred by the doctrine of collateral estoppel. The town attached to its memorandum of law in support of its motion for summary judgment the affidavit of the town assessor, Vivian Bachteler, and certified copies of the previously filed complaint and stipulated judgment in the case ofElms Common Associates v. Town of Rocky Hill, Docket Number CV90-0378350. This two-count 1990 complaint recited that the plaintiff appealed the decision of the board of tax review for the town of Rocky Hill, pursuant to General Statutes §§ 12-118
and 12-119, claiming that the board of tax review refused to lower the assessment of the plaintiff's property at 963 Elm Street in the town of Rocky Hill on the list of October 1, 1989. The plaintiff CT Page 13333-A further alleged in the 1990 complaint that the assessor determined that the fair market value of the property on October 1, 1989, was $8,905,700.
As a result of the 1990 tax appeal, the plaintiff and the defendant entered into a stipulation that provides as follows:
 3. On or about March 28, 1990, the Board of Tax Review of the Town of Rocky Hill issued a ruling in which it affirmed the assessment for the October 1, 1989 grand list for the subject property at $6,233,990.00.
 4. As a result of settlement negotiations, the parties have agreed to a reduction of the assessment of the subject property on the grand list of October 1, 1989 to $8,015,350.00 and the corresponding tax liability shall be reduced from $5,951,400.00 to a total of $109,505.00.
The sole issue in this motion for summary judgment is whether the plaintiffs 1994 claim is barred by the doctrine of collateral estoppel. Collateral estoppel prohibits the relitigation of an issue of fact or law that "was actually litigated and determined by a valid and final judgment" when "the determination is essential to the judgment." Crochiere v. Board of Education,227 Conn. 333, 343, 630 A.2d 1027 (1993). To invoke the doctrine of collateral estoppel, the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding. Aetna Casualty and Sur. Co. v. Jones, 220 Conn. 285,297, 596 A.2d 414 (1991).
In opposition to the town's motion, the plaintiff filed a memorandum of law, the affidavit of James A. McDonald, the controller of Konover Residential Corporation, the management agent for the plaintiff, and copies of the motion for judgment and stipulation. The plaintiffs response to the town's motion for summary judgment is that the terms of the stipulation only called for the "assessment" to be changed for taxes on the list of October 1, 1989. The plaintiff argues that the 1990 tax appeal did not define the full value of the property, and that the intent of the parties was only to determine the assessment of the property on October 1, 1989, and not thereafter. The plaintiff further claims that since the determination of true and actual or fair market value of the plaintiff's property on the list of CT Page 13333-B October 1, 1993, is a factual issue, summary judgment is not appropriate in this instance. We disagree.
This case is governed by Uniroyal, Inc. v. Board of TaxReview, 182 Conn. 619, 438 A.2d 782 (1981) (Uniroyal II.) InUniroyal II, the taxpayer appealed the assessment placed upon its property by the town of Middlebury for the years 1975, 1976, and 1977. However, a prior case was commenced by the plaintiff against the town of Middlebury in regard to the assessments for the years October 1, 1973, and October 1, 1974. The prior action was known as Uniroyal, Inc. v. Board of Tax Review, 174 Conn. 380,389 A.2d 734 1978), referred to in the Uniroyal II case asUniroyal I.
As the town notes, the facts in Uniroyal II are strikingly similar to the instant case. In the Uniroyal cases, the town of Middlebury had completed a ten-year revaluation on the list of October 1, 1971. When Uniroyal appealed the assessment for the years 1975, 1976 and 1977, it had already participated in a prior determination of the fair market value of the property inUniroyal I for the years 1973 and 1974. In determining that the second appeal was barred, the court in Uniroyal II stated:
 In Uniroyal I, the plaintiffs made the same claim with regard to the assessments for the years October 1, 1973, and October 1, 1974. In this regard the plaintiffs may make the identical claim with regard to the years 1975, 1976, and 1977. The assessment for the years 1973-1977 were identical.
 In Uniroyal I, this court determined that a full value of $32,959,760 was a fair and proper valuation for the October 1, 1973 and October 1, 1974 grand list. The 1971 revaluation in Middlebury is valid for a period of ten years. General Statutes § 12-62. The annual grand list for every year since October 1, 1971, has been composed on the basis of 1971 values. The litigation of the 1973 and 1974 listings determined that the 1971 valuation of $32,959,760 was proper. The issue decided in Uniroyal I is thus dispositive of the plaintiffs' claim. The earlier decision bars the plaintiffs' claim that the valuation established for 1971 is improper.
Uniroyal II, supra, 182 Conn. 633. CT Page 13333-C
In the present case the plaintiff, in Elms Common AssociatesI challenged the assessment as of October 1, 1989. In challenging that assessment, the determination had to be what was the fair market value of the property on October 1, 1989. General Statutes § 12-63. The parties in Elms Common Associates I stipulated to a judgment providing that the assessment of the property on the list of October 1, 1989, was $5,951,400. Because the assessment is calculated at seventy percent of the fair market value, this results in a fair market value of the property as of October 1, 1989, of $8,502,000. While the stipulation does not specifically refer to future years, the 1989 agreed upon valuation is the fair market value for the grand list of every year after 1989 until the next revaluation. See General Statutes § 12-62; Uniroyal II, supra, 182 Conn. 633.
"When parties to a lawsuit voluntarily enter into a stipulated judgment, such judgment is as conclusive as if it had been rendered upon controverted facts . . ." (Citations omitted.)Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 48-49,526 A.2d 1329 (1987). Although "[t]he terms of a stipulated judgment may not be extended beyond the agreement entered into . . . It is usually presumed . . . that the parties intended to settle all aspects of the controversy, including all issues raised by the papers comprising the record." (Citations omitted; internal quotation marks omitted.) Id., 49.
As the plaintiff notes, in this case the 1990 stipulation did not recite the fair market value of the property. However, in its 1990 appeal, the plaintiff alleged that the assessor assessed the premises as of October 1, 1989, at a total of $6,233,900 at seventy percent of value, or $8,905,700 at full fair market value. (Plaintiff's 1990 Complaint, Counts One and Two. para. 3.) The plaintiff further alleged that the assessor determined that all property should be liable for taxation at seventy percent of its true and actual value as of October, 1, 1989, and the valuation placed on the property was not seventy percent of its true and actual value as of October 1, 1989. (Plaintiff's 1990 Complaint, Count One, paras. 4, 5.) In its prayer for relief, the plaintiff requested that "the assessment of the Premises be reduced to seventy (70%) percent of its true and actual value," and "the tax based thereon be reduced accordingly." (Plaintiff's 1990 Complaint, Demand for Relief, paras. 1, 2.) From the assessment figure stated in the stipulation, the agreed-upon fair market value can be easily calculated. Thus, while the 1990 CT Page 13333-D stipulation does not specifically state the fair market value as well as the assessed value, the stipulation contains enough information from which the agreed-upon fair market value can be ascertained. To now allow the plaintiff to seek a new determination of fair market value after the plaintiff had stipulated to an amount reflecting the fair market value of the property as of October 1, 1989, which was accepted and entered as a judgment by the court, would demonstrate "the inefficacy of permitting a litigant to contest the validity of an assessment figure on ten different occasions" noted in Uniroyal, Inc. v.Board of Tax Review, supra, 182 Conn. 634.
The stipulated judgment setting the assessment, and, as a result, the fair market value, for October 1, 1989, is conclusive, and precludes the plaintiff from relitigating this same issue.
Accordingly, the defendant's motion for summary judgment is granted, and the plaintiffs appeal is dismissed.
ARONSON, J.