[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE SHAWMUT BANK CONNECTICUT. N.A.'SMOTIONS FOR SUMMARY JUDGMENT
The three complaints in the above-captioned matters seek foreclosure of mortgages securing certain property in Stratford (Docket No. CV94-0245550), Madison (Docket No. CV92-0241068) and Killingworth (Docket No. CV94-0246107). The defendants have filed answers admitting the execution of the notes but denying, based on lack of sufficient information, the remaining allegations of the complaints. They have also asserted four special defenses and a five-count counterclaim in each case.
The first special defense is based on the statute of frauds and appears not to be the subject of the present motion for summary judgment. The remaining special defenses are all based on the claim that Shawmut's predecessor, Connecticut National Bank (CNB), violated a written agreement with the defendants to refinance the indebtedness. They allege breach of the implied covenant of good faith and fair dealing (second special defense), fraudulent misrepresentation (third special defense) and a violation of the Connecticut Unfair Trade Practices Act (CUTPA) (fourth special defense). The counterclaims, which are also based on the alleged refinancing, allege breach of contract (first count); breach of the implied covenant of good faith and fair dealing (second count); negligent misrepresentation (third count); intentional representation (fourth count); and violation of CUTPA (fifth count).
The plaintiff now seeks summary judgment as to the second, third and fourth special defenses and all counts of the counterclaims. Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715, 447 A.2d 752
(1982); Yanow v. Teal Industries, Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578, 573 A.2d 699 (1990); United Oil Co. v.Stamford Urban Redevelopment Commission, 158 Conn. 364,260 A.2d 596 (1969). In ruling upon a summary judgment motion, the court CT Page 4125-H merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
It is undisputed that the Monacos have had a personal banking relationship with CNB for many years. Additionally, Design Resources, Inc., a business in which the Monacos were shareholders, officers and key employees, also had a banking relationship with CNB, including a credit line. In April of 1990, Design Resources' $285,000 credit line was rewritten and was secured by all of the assets of the corporation as well as being personally guaranteed by the Monacos. William Monaco signed the documents individually and as president of Design Resources, and Christine Monaco signed in her individual capacity. Their guaranty was secured by second and third mortgages on all three of the properties in question in these cases.
In November of 1990, Design Resources filed a petition for Chapter 11 bankruptcy. Both the corporation and the individual defendants in these cases attempted to continue to make payments on the loans, but by April of 1991, they were in default. The parties nonetheless continued to negotiate with the bank, and on April 23, 1991, John F. DaRin, assistant vice president of CNB, sent a commitment letter to Design Resources, Inc., William Monaco and Christine Monaco, outlining a proposal to restructure the debt. The proposed restructure included a promissory note to be secured by all the assets of Design Resources as well as a first mortgage on the three properties which are the subject of these three foreclosure actions. A second promissory note was to be secured by a second priority lien on the same collateral. The commitment letter was conditioned on bankruptcy court approval. The Monacos executed and returned the documents, William Monaco doing so in both his individual and corporate capacities.
It is undisputed that bankruptcy court approval for the restructuring was never obtained. In May of 1992, the bankruptcy CT Page 4125-I court granted Design Resources' motion to voluntarily convert its Chapter 11 reorganization to a Chapter 7 liquidation and appointed a bankruptcy trustee.
Shawmut first claims that it is entitled to summary judgment on the Monacos' lender liability claim because that claim was not listed as an asset of Design Resources in its bankruptcy petition. It therefore contends that the claim cannot be raised in a subsequent proceeding by an inside party. Sure-Snap Corp. v.State Street Bank Trust Co., 948 F.2d 869, 873 (2nd Cir., 1991). Because the Monacos are in privity with Design Resources, Shawmut argues, the failure to make this claim in connection with the bankruptcy proceeding precludes the Monacos from raising it here.
"Because res judicata . . . if raised, may be dispositive of a claim, summary judgment is the appropriate method for resolving a claim of res judicata." Jackson v. R. G. Whipple, Inc.,225 Conn. 705, 712, 627 A.2d 374 (1993). The doctrine of res judicata states that a final judgment on the merits bars relitigation in any court of the same cause of action. See, e.g., ConnecticutWater Company v. Beausoleil, 204 Conn. 38, 43, 526 A.2d 1329
(1987). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the action." Federated DepartmentStores, Inc., et al v. Marilyn Moitie, et al, 452 U.S. 394, 398,101 S.Ct. 2424, 2428 (1981). "Our rules of res judicata are based on the public policy that a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate." Duhaime v. American Reserve Life Ins. Co., 200 Conn. 360,363-64, 511 A.2d 33 (1986).
The defendants respond first that their lender liability claim against Shawmut is separate and distinct from any such claim that might have been asserted by Design Resources, Inc. They further contend that they have standing to assert such counterclaims against a bank where there is a personal relationship between the bank and the individual in addition to the relationship between the bank and a corporation with which they may be in privity. See, Fairfield First Bank Trust Co. v.Central Realty, et al, Docket No. 5:91CV057 (T.F.G.D.) (D. Conn 1991). Moreover, they point out that unlike the situation in theSure-Snap case, there has been no final judgment in the bankruptcy matter that would trigger res judicata and thus preclude assertion of this claim by the Monacos in these cases. CT Page 4125-J
Whatever the merits of their claim against Shawmut may ultimately prove to be, the defendants are not precluded from asserting it here based on Design Resources, Inc.'s failure to assert such a claim in a bankruptcy proceeding which did not result in a final judgment on the merits. There has been no final judgment on the merits with respect to such a claim or the right to have asserted it, and the affidavits show that there are factual disputes remaining over whether the claims now being asserted by these defendants are the same as that which Design Research might have asserted in Bankruptcy Court prior to the conversion of that case from a Chapter 11 proceeding to a Chapter 7 proceeding in May of 1992. The plaintiff is therefore not entitled to summary judgment on the basis of res judicata.
Moreover, and beyond the res judicata argument, the pleadings and other documents submitted in support of and in opposition to summary judgment do not remove from dispute material facts regarding such issues as breach of contract, misrepresentation and good faith. Because these issues are unresolved, the fact that there was never a Bankruptcy Court order confirming the proposed restructuring plan does not necessarily imply that the plaintiff is entitled to summary judgment because of the defendants' failure to satisfy a condition precedent.
Finally, as to the CUTPA counts of the counterclaims, as well as the fourth special defense in each case, it is true that Judge Stanley had granted a motion to strike with respect to that claim in No. CV92-0241068, based on his holding that CUTPA does not apply to banks, while Judge Pittman, on the other hand, denied such a motion in CV94-0244550.[1] The plaintiff thus argues as an additional ground for the granting of summary judgment as to this special defense and counterclaim that CUTPA does not apply to banks. Subsequent to both Judge Stanley and Judge Pittman's rulings, however, our Supreme Court held in Normand JosefEnterprises v. Connecticut National Bank, 230 Conn. 486, 509
(1994) that CUTPA does apply to banks. This ground for summary judgment is therefore without merit.
Based on the foregoing, the plaintiff's motions for summary judgment are denied.
Jonathan E. Silbert, Judge