LESLIE CAROTHERS, COMMISSIONER OF ENVIRON-
MENTAL PROTECTION *v.* CONNECTICUT BUILDING
WRECKING COMPANY, INC., ET AL.
(7448)

STANLEY J. PAC, COMMISSIONER OF ENVIRONMENTAL
PROTECTION *v.* CONNECTICUT BUILDING
WRECKING COMPANY, INC.
(7458)

SPALLONE, STOUGHTON and NORCOTT, Js.

Argued May 18—decision released July 25, 1989

*Gary A. Mastronardi,* for the appellant in each case (named defendant).

*Robert B. Teitelman,* assistant attorney general, with whom, on the brief, were *Clarine Nardi Riddle,* acting attorney general, and *Robert E. Walsh,* assistant attorney general, for the appellee in each case (plaintiff in each case).

STOUGHTON, J. In these consolidated appeals, the named defendant appealed from a judgment in each case dismissing its counterclaims. At oral argument, the named defendant conceded that its counterclaim in appeal No. 7448 was properly dismissed.[1] Accordingly, we find no error in that appeal and address appeal No. 7458.

The plaintiff commissioner of the department of environmental protection initiated the action in the second case by service of a complaint on the defendant on November 3, 1986. The plaintiff alleged that the defendant was operating a solid waste transfer-resource recovery facility in Bridgeport without a permit in violation of General Statutes (Rev. to 1985) § 22a-208,[2] a portion of the Solid Waste Management

---

[1] In No. 7448, *Carothers* v. *Connecticut Building Wrecking Co.,* the plaintiff filed a motion to dismiss the defendants' counterclaim because it did not arise out of the same cause of action as the plaintiff's claims and because of the lack of subject matter jurisdiction. The motion was granted, both because the defendants had failed to file a memorandum of law in opposition as required by Practice Book § 143, and on the merits. The named defendant has conceded that the defendant did not file a memorandum of law in opposition to the motion to dismiss and that, accordingly, the counterclaim was properly dismissed. See *Hughes* v. *Bemer,* 200 Conn. 400, 510 A.2d 992 (1986); *Burton* v. *Planning Commission,* 13 Conn. App. 400, 536 A.2d 995 (1988), aff'd, 209 Conn. 609, 553 A.2d 161 (1989).

[2] General Statutes (Rev. to 1985) § 22a-208 provides in pertinent part: "(c) No solid waste facility shall be built, established or altered after July 1, 1971, until the plan and design and method of operation of the same have been filed with the department and approved by the commissioner by the issuance of a permit, provided, nothing in this chapter or in chapter 446e shall be construed to limit the right of any local governing body to regulate, through zoning, land usage for solid waste disposal. No solid waste facility shall be operated on or after October 1, 1984, unless the owner or operator of such facility has filed a closure plan with the commissioner which he has approved as in compliance with regulatory standards adopted pursuant to section 22a-209. The commissioner shall send a written notification of any application for a permit to the chief elected official of each municipality in which the proposed facility is to be located within five business days of the date on which any such application is filed."

Act. He also alleged that the defendant was discharging waste substance or other material to the waters of the state without a permit in violation of General Statutes (Rev. to 1985) § 22a-430,[3] a portion of the Water Pollution Control Act. The complaint alleged that the plaintiff had issued an order requiring that the defendant bring itself into compliance with the provisions of the law, that the defendant had not appealed and that the order had become a final order not subject to review. The complaint alleged further that an inspection showed that the defendant had not complied with the order and that it was maintaining a condition reasonably expected to pollute, impair or destroy the air, water or natural resources of the state. The plaintiff sought injunctive relief and monetary penalties under certain provisions of the General Statutes.

The defendant filed an answer, various special defenses and a counterclaim in two counts. The first count alleges that General Statutes § 22a-220 (a) imposed upon all municipalities of the state a duty to make provisions for the safe and sanitary disposal of solid waste, that the commissioner knew that a number of municipalities including Bridgeport had not complied with the statute, that he had done nothing to compel compliance and that as a result of the indifference of the commissioner the defendant has sustained damages to its business and reputation. The second count alleges that, by reason of the enforcement action, the commissioner has engaged in irrational and abusive conduct that deprived the defendant of liberty and

---

[3] General Statutes (Rev. to 1985) § 22a-430 provides in pertinent part: "(a) No person shall, after May 1, 1967, and no municipality shall, after April 10, 1973, initiate, create or originate any new discharge of water, substance or material into the waters of the state without first obtaining a permit for such discharge from the commissioner. Application for such permit shall be on a form prescribed by the commissioner and shall include such information as the commissioner may therein require."

property rights in violation of the fourteenth amendment to the United States constitution and of 42 U.S.C. § 1983, and that as a result it has sustained damages in excess of $15,000.

The commissioner moved to dismiss the counterclaims on the grounds (1) that they did not arise out of the same cause of action as the plaintiff's claims, and (2) that the court lacked subject matter jurisdiction to entertain either count under the doctrine of sovereign immunity. The trial court granted the plaintiff's motion on the grounds that the first count did not arise out of the enforcement order and that the second count was not so connected with the matter in controversy that its consideration was necessary for a full determination of the rights of the parties as to the matter in controversy.

In any action for legal or equitable relief, the defendant may file counterclaims against the plaintiff provided that each counterclaim arises out of the transaction that is the subject of the plaintiff's complaint. Practice Book § 116. A counterclaim is a cause of action existing in favor of a defendant against a plaintiff that a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim. It allows a recovery by the defendant. *Home Oil Co.* v. *Todd,* 195 Conn. 333, 341, 487 A.2d 1095 (1985). The rule permits joinder of closely related claims arising out of the same transaction where such joinder is in the best interests of judicial economy. *Wallingford* v. *Glen Valley Associates, Inc.,* 190 Conn. 158, 161, 459 A.2d 525 (1983). The transaction test is a practical one, and the trial court's determination as to whether that test has been met ought not to be disturbed except for an abuse of discretion. Id.

Under the provisions of General Statutes § 22a-6, as it existed at the time of the commencement of this action and as it exists today, the plaintiff may insti-

tute legal proceedings including, but not limited to, suits for injunctions for the enforcement of any order issued by him. General Statutes § 22a-226 provided then and now for a penalty not to exceed $10,000 per day for violation of a final order of the commissioner and for injunctive relief to prevent any further violation of the order. General Statutes § 22a-438, both then and now, provided for forfeiture to the state of a sum not to exceed $10,000 for each violation of the Water Pollution Control Act, the amount to be fixed by the court, and provides that the attorney general institute a civil action to recover such forfeiture upon complaint of the commissioner.

This action was brought by the plaintiff to enforce an order issued by him and to recover a claimed forfeiture. The defendant admits that there was no appeal from the order. The defendant's claim that it has sustained damages to its business and reputation because of some perceived failure on the part of the plaintiff to see that the city of Bridgeport made provision for safe and sanitary disposal of solid waste, does not arise out of the plaintiff's action to enforce its order to the defendant.

In the second count, the counterclaim repeats all the allegations of the first count and alleges that the enforcement action is irrational and abusive and has caused the defendant to sustain damages. At first, this might seem to approach more nearly the requirement that it arise out of the same transaction as the complaint. It is at bottom, however, a claim for damages. It would not operate to defeat, diminish or affect the plaintiff's claims, which are claims for injunctive relief and for penalties. The defendant apparently did not seek a hearing after the plaintiff's order was issued, which it would have been entitled to do under General

Statutes § 22a-225 (b)[4]. The injunction is mandatory when the defendant has chosen not to attack the reasonableness of the order in a case such as this where factfinding has been entrusted by the legislature to the administrative agency and an injunction is sought to enforce an administration order in furtherance of a vital public interest. See *Water Resources Commission* v. *Connecticut Sand & Stone Corporation,* 170 Conn. 27, 364 A.2d 208 (1975). For the purposes of the commissioner's suit for an injunction and penalties payable to the state, the court and the commissioner are coordinate actors in the achievement of the purposes of the Solid Waste Management Act. See *Connecticut Water Co.* v. *Beausoleil,* 204 Conn. 38, 45, 526 A.2d 1329 (1987). Those purposes require an expedited hearing pursuant to General Statutes § 22a-226 and the absolute right to an injunction if the plaintiff proves that the defendant has failed to comply with his order. See *Connecticut Water Co.* v. *Beausoleil,* supra. Resolution of the defendant's claims for damages would be likely to hamper the speedy resolution that we deem the legislature to have intended where it is alleged that conditions may reasonably be expected unreasonably to pollute air, water or natural resources. See id., 48.

We cannot say that the trial court abused its discretion in dismissing the counterclaim.

There is no error on either appeal.

In this opinion the other judges concurred.

---

[4] General Statutes § 22a-225 (b) provides: "Unless a person aggrieved by an order files a written request for a hearing before the commissioner within thirty days after the date of issuance, such order shall become effective. If requested, the commissioner shall hold a hearing as soon thereafter as practicable. A request for a hearing shall be a condition precedent to any appeal. The commissioner may, after the hearing or at any time after the issuance of his order, modify such order by agreement or extend the time schedule therefor if he deems such modification or extension advisable or necessary, and any such modification or extension shall be deemed to be a revision of an existing order and shall not constitute a new order. There shall be no hearing subsequent to or any appeal from any such modification or extension."