[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM
FACTUAL BACKGROUND
The plaintiff, the Commissioner of Environmental Protection of the State of Connecticut, pursuant to General Statutes22a-6 (a)(3), filed a seven count complaint against defendants Frank Perrotti Sons Inc., DPL Refuse Service, Inc., Frank Perrotti, Jr., Harry Wazer, Trustee, and Edward Sayers, claiming that the defendants operated a solid waste facility for a specified period of time without a permit. (Harry Glazer, Trustee, has not joined in these pleadings). Plaintiff's complaint alleges that the defendants operated a solid waste facility, as defined in Conn. Pub. Acts No. 89-386, (4), (5), 10 (1989), without a permit, as required by General Statutes22a-208a, that the defendants received solid waste in violation of the Regulations of Connecticut State Agencies 22a-209-2, that the defendants received, disposed of, and processed solid waste in violation of Conn. Pub. Acts. No. 89-386, (2) (1989), that the plaintiff warned all defendants that their conduct was not permitted and, notwithstanding the warning, the defendants continued their activity thereby making their conduct knowing. The plaintiff is seeking a civil penalty not to exceed $25,000 per day for each violation occurring on or after October 1, 1989, and the costs, fees, and expenses incurred in connection with investigating, controlling, and abating the alleged violations.
The defendants filed an answer, which included a special CT Page 3746 defense claiming that the plaintiff waived any right to seek civil penalties, and a counterclaim. The 34 paragraph counterclaim alleges the following: that General Statutes22a-220 (a) imposes upon all Connecticut municipalities a duty to make provisions for the safe and sanitary disposal of solid waste, that the Commissioner knew that a number of municipalities had not complied with the statute, that the Commissioner had done nothing to compel compliance, and that as a result of the Commissioner's indifference the defendants have sustained damages to their business and reputation. The counterclaim also alleges that the Commissioner knew the defendants and others were operating facilities without permits, and that the Commissioner knew the defendants were relying on her acts and conduct in continuing their activity by her policy of inaction. The counterclaim further alleges that the Commissioner wrongfully concealed her intention to initiate administrative proceedings against the defendants all the while making recommendations to construct on-site improvements which the defendants relied on to their detriment by making such improvements. The counterclaim further alleges that the Commissioner acknowledged the defendants' right to continue their activities until after an appeal of the Commissioner's July 14, 1989 order resulted in a final order. The counterclaim also alleges that on November 17, 1989, the defendants filed a permit application for operating a solid waste transfer facility and to date, the Commissioner has not acted on the application. Finally, the counterclaim alleges that, by reason of this lawsuit, the Commissioner has engaged in discriminatory actions against the defendants by singling them out for enforcement and a grossly disproportionate penalty. The defendants seek in their counterclaim a finding; (1) that the defendants did not commit a violation, or that the Commissioner waived her rights; (2) a denial of the plaintiff's request for civil penalties: (3) a denial of the plaintiff's request for costs of investigation; (4) an order (injunction) directing the Commissioner to act on the defendants' permit application; and (5) an order (injunction) directing the Commissioner to establish certain policies.
The plaintiff has filed a motion to dismiss the defendants' counterclaim on the grounds that the counterclaim is improper and that the court lacks subject matter jurisdiction by reason of the doctrine of sovereign immunity. As required by Practice Book 155, the plaintiff filed a memorandum of law in support of her motion to dismiss. Defendants have timely filed a memorandum of law in opposition to plaintiff's motion to dismiss.
ISSUE CT Page 3747
Whether the defendants' counterclaim is subject to a motion to dismiss on the grounds that: 1) the counterclaim does not arise out of the same cause of action as the plaintiff's claims and is therefore not the proper subject of a counterclaim; 2) matters raised in the counterclaim are not the proper subject of a counterclaim; and 3) the court lacks subject matter jurisdiction over the matters raised in the counterclaim because of the plaintiff's sovereign immunity.
LAW AND CONCLUSION
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 (1985). A motion to dismiss "admits all facts which are well pleaded, invokes the existing record and must be decided on that alone." Barde v. Board of Trustees, 207 Conn. 59, 62 (1988). The court will view the pleadings most favorable to the non-moving party. American Laundry Machinery, Inc. v. State, 190 Conn. 212, 217
(1983).
"Lack of jurisdiction, once raised, must be disposed of." Upson v. State, 190 Conn. 622, 625 (1983). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." Craig v. Bronson, 202 Conn. 91, 101 (1987). "[W]henever it is found. . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book 145.
Although not specifically pled as a declaratory judgment pursuant to Section 391 of the Practice Book, the defendants' first prayer for relief in their counterclaim is ostensibly a three paragraph request for a declaratory judgment. Paragraph one seeks a finding that the defendants did not commit a violation or, in the alternative, that the Commissioner waived her right to enforce Connecticut's environmental laws. Paragraph two of this prayer for relief requests a denial of the plaintiff's request for civil penalties. Paragraph three of this prayer for relief requests a denial of the plaintiff's requests for costs of investigation. Because paragraphs two and three can only be decided upon by the resolution of paragraph one, for purposes of this memorandum of decision, only paragraph one will be discussed.
First, in paragraph one of the declaratory judgment request, defendants seek to assert the defense of waiver. "[W]aiver is the voluntary relinquishment of a known right." DelVecchio v. Delvecchio, 146 Conn. 188, 194 (1959). Waiver is a special defense that must be specifically pleaded. Id. at 195. As such, waiver is not the proper subject of a CT Page 3748 counterclaim.
Secondly, the defendants have not alleged that the Commissioner knowingly relinquished her rights to enforce Connecticut's environmental laws and regulations. To the contrary, the counterclaim states that the Commissioner ordered the defendants to cease operations. There are no allegations that the Commissioner made any affirmative statements, which may, under some narrow circumstances which the law recognizes, rise to the level of either a valid waiver or estoppel defense. e.g., see, Pet Car Products, Inc. v. Barnett, 150 Conn. 42, 53-55
(1962). The counterclaim alleges that in June, 1989, the Commissioner's agents made recommendations to improve the facility, but does not allege that the agents ever stated that the implementation of such improvements would prevent an enforcement action. Neither have the defendants claimed any exception to the permit requirement. Accordingly, the instant case is unlike Carothers v. Joseph R. Willis, 16 Conn. Law Trib. No. 13, p. 33 (Super.Ct., February 23, 1990, Hennessey, J.), relied on by the defendants, where the plaintiff Commissioner's agent told the defendant no enforcement action would be taken if the defendant filed a permit application.
Thirdly, it is the opinion of this court that the counterclaim does not arise out of the same cause of action as the plaintiff's claims.
As our Appellate Court held in Carothers v. Connecticut Building Wrecking Co., 19 Conn. App. 216 (1989), "this action was brought by the plaintiff, Commissioner, to enforce an order issued by her and to recover a claimed forfeiture," Id. 221. The defendants claim for a finding of no damages etc., does not arise out of the plaintiff's action to enforce its order to the defendant. Id. 221.
The plaintiff further claims that the court lacks jurisdiction over the matters raised in the counterclaim" because of the plaintiff's sovereign immunity. This court agrees with the plaintiff.
The defendants' first prayer for relief, the declaratory judgment request, fails to allege facts that the Commissioner is violating a constitutional right or acting in excess of her statutory authority and, therefore, is not excepted from the doctrine of sovereign immunity. Doe v. Heintz, 204 Conn. 17,31-32 (1987). "The [counterclaim], to survive the defense of sovereign immunity, must allege sufficient facts to support a finding of a [violation] in a constitutional sense . . . . ." Horak v. State, 171 Conn. 257, 261 91976). Where "the [counterclaim] is insufficient to establish a [constitutional CT Page 3749 violation] . . . the doctrine of sovereign immunity is a bar to the jurisdiction of the court." Id. at 262.
Defendants have not pleaded any statute authorizing their injunctive relief claim against the Commissioner, nor has research uncovered any statute. Moreover, the defendants have made no allegations of an unconstitutional statute, of the Commissioner acting unconstitutionally, or of the Commissioner acting in excess of statutory authority. The allegation is that the Commissioner is failing to act by not adopting solid waste regulations pursuant to General Statutes 22a-228. The defendants, however, neither make any factual allegations or cite any authority allowing them to bring an enforcement action against the Commissioner
The only allegations in the counterclaim that might be construed as having a constitutional dimension to them are the selective enforcement allegations. Nevertheless, "[t]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." Oyer v. Boles,368 U.S. 448, 456 (1982). Furthermore, "[t]he allegations of such a [counterclaim] and the factual underpinnings if placed in issue, must clearly demonstrate an incursion upon constitutionally protected interests." Barde v. Board of Trustees, supra, 64. The defendants' counterclaim for injunctive relief does not allege facts that "clearly demonstrate" the Commissioner has violated the defendants' constitutional rights. United States v. Ross, 719 F.2d 615, 619 (2d Cir. 1983) (quoting United States v. Moon, 718 F.2d 1210. 1230 (2d Cir. 1983), Cert. denied, 466 U.S. 971 (1983). Therefore, the injunctive relief exception to the doctrine of sovereign immunity recognized in Sentner v. Board of Trustees, 184 Conn. 339 (1981) is inapplicable to the present cause of action.
Finally, as to the defendants' claim that the State has waived its sovereign immunity by bringing this action and thus subjecting itself to a counterclaim, this court is of the opinion that no waiver is applicable in this case. Where an action is brought by the State to enforce a public duty, it is vested with the immunities from legal process, mesne and final. State v. Chapman, 176 Conn. 362, 365 (1978).
For the above reasons, the defendants' counterclaim is dismissed.
FREED, J.