[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO IMPLEAD
The defendants move to implead the Inland Wetlands and Watercourses Agency of the City of Middletown. This is objected to by the plaintiff.
On July 30, 1990, the plaintiff, the Commissioner of Environmental Protection, filed a complaint against the defendants, South Farms of Middletown, Inc. (South Farms) a Glenn Russo, the President of South Farms, alleging (1) a failure to comply with a pollution abatement order, (2) the pollution of state waters, and (3) the discharge of wastes in violation of the General Statutes and Regulations of Connecticut State Agencies. The plaintiff requests the issuance of a temporary and permanent injunction requiring the CT Page 9751 defendants to comply with the order and to ref rain from discharging wastes and causing pollution to state waters, as well as civil penalties, and reasonable costs, fees and expenses.
On September 3, 1991, the defendants, South Farms and Glenn Russo, moved to implead the Inland Wetlands and Watercourses Agency of the City of Middletown (Wetlands Agency) and fourteen individuals who are its current or former members, alleging that they "are or may be liable for all or part of plaintiff's claim." Motion to implead, p. 2.
The proposed Third Party Complaint contains counts for negligence and wanton conduct. It alleges that on November 21, 1989, the third party defendants were granted an ex parte injunction prohibiting South Farms from taking any action on the subject property, even when they knew or should have known that the injunction would stop construction of the road and other erosion control measures. It further alleges that although the injunction was lifted on December 4, 1990, via Stipulated Order of Settlement, erosion and sediment control measures could not be undertaken because of freezing temperatures between November 21, 1990 and December 4, 1990, and the closing of asphalt plants for the winter. It contends that as a result, as of January 26, 1990, the third party plaintiff had not been able to complete the scheduled construction or other erosion control work.
The third party complaint also alleges that despite the fact that an analyst for the State Department of Environmental Protection Agency had advised the third party of defendants that the completion of the road was essential to erosion and sediment control, in May 1990 the third party defendants voted to continue a cease and desist order, and directed all subcontractors contractors to cease work. The third party complaint claims that any discharges which are the subject of the plaintiff's complaint were a "direct and proximate result" of third party defendants' injunction issued on November 21, 1989 and third party defendants' cease and desist order issued on May 3, 1990.
The third party plaintiffs seek indemnification, punitive damages, attorney's fees, costs, and such other relief as the court deems appropriate.
The plaintiff filed Plaintiff's Objection to Defendants' Motion to Implead in which the plaintiff argued that because the defendants' claim against the municipal agency implicates several pending administrative appeals as well as a separate federal action, granting the motion would complicate and confuse matters at issue, unduly delay the trial of the CT Page 9752 plaintiff's action and will work a grave injustice on the Commissioner's ability to enforce the environmental statutes and on the citizens of Connecticut. The plaintiff also contends that since the defendants have an action against the Wetlands Agency pending in the United States District Court, this court should decline to grant the defendants' motion under the principle of comity. A copy of South Farms' complaint against the Wetlands Agency is attached to the plaintiff's objection.
In reply, the defendants argue that "denial of the Implead will not simplify the complex issues of this case, but rather it will make the resolution of the issues non-binding on the Wetlands Agency." Reply Memorandum Re: Plaintiff's Objection to Defendants' Motion to Implead, p. 8. They also contend that there are four major distinctions between the federal suit and the third party complaint: (1) the federal suit is for deprivation of property without due process while the third party complaint speaks only to the effect of the Agency's actions and not the legality of them, (2) Glenn Russo is not a plaintiff in the federal suit, and to bar him from impleading those responsible for the plaintiff's claims because his employer has a pending federal action would be an injustice, (3) the damages requested in the Third Party Complaint flow only from the plaintiff's complaint, while the federal suit seeks damages for the loss of use of the property, not the injury flowing from this suit, (4) the federal suit alleges malicious intent not at issue in this suit. Lastly, the defendants argue that a denial would work an injustice on them because it is necessary to include the agency to make any judgment binding on the agency and for the purposes of enforcement.
In response to the defendants' reply, the plaintiff filed a Reply Memorandum in Opposition to Defendants' Motion to Implead. In this memorandum, the plaintiff argues (1) that the defendants cite no statute by which a municipal agency is responsible to indemnify them for environmental penalties upon proof of negligence, (2) that there were methods of controlling erosion and sediment which are possible during any season, (3) that the permit is not at issue in the plaintiff's claim, and since a third party action on the permit would be separate and distinct from the main action, it is inappropriate for impleader. The plaintiff further argues that relief in the form of punitive damages is beyond the scope of the impleader statute.
Under Connecticut Practice Book 117 and Connecticut General Statute 52-102a(a), a "defendant in any civil action may move the court for permission as a third party CT Page 9753 plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." The "motion may be filed any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded." Conn. Gen. Stats.52-102a(a). "The defendant [does] not have a statutory to implead a third party; the statute commits the decision of such motions to the sound discretion of the trial court." Cupina v. Bernklau, 17 Conn. App. 159, 164, 551 A.2d 37 (1988) (emphasis in original).
A. Comity
The doctrine of comity would not be an adequate basis on which to deny the motion to implead. "There is a well-established rule that where several courts have concurrent jurisdiction of the same offense, or equal or nearly equal power and authority over a case . . . the court which first acquires jurisdiction of the prosecution generally retains it to the exclusion of others." State v. Amarillo, 198 Conn. 285,312, 503 A.2d 146 (1986) (emphasis added). However, here different claims are made in the state and federal cases In the state case, the defendants seek indemnification from the Wetlands Agency for any penalties the defendants may be liable for arising from the pollution the defendants allege resulted from the negligence and wanton conduct of the Agency in issuing, a cease and desist order and in seeking an injunction. In federal case, relief is sought for the deprivation of property without due process based on the revocation of a permit as well as the issuance of the cease and desist order. Since the claims are not the same, the doctrine of comity does not apply to this case.
B. Legal Insufficiency of the Third Party Complaint
The issues raised by the plaintiff in her Reply Memorandum In Opposition to Defendants' Motion to Implead go to the legal sufficiency of the third party complaint, and should be raised in a motion to strike. Commissioner v. Lake Land Owners Corp., 3 Conn. App. 100, 102 n. 2, 485 A.2d 580
(1985).
C. Undue Delay
General Statutes 22-6(a)(3), 22a-6a, 22a-44, 22a-432
and 22a-438 authorize the issuance of temporary and permanent injunctions, penalties, fees and costs. These sections are CT Page 9754 part of a statutory scheme that is of a "remedial nature to prevent, control and abate pollution of the waters of the state." Pac v, Upjohn Co., 21 Conn. App. 91, 103, 571 A.2d 160
(1990).
In Connecticut Water Co. v. Beausoleil, 204 Conn. 38,526 A.2d 1329 (1987), the court ruled that an intervenor may not bring a private action for damages against the defendant in an injunctive action brought by the Commissioner of Environmental Protection under the Water Pollution Control Act. Its reasoning was that "[i]f private actions for damages were also to be resolved in the same action, the policy of a prompt resolution of the case would be hampered." Id., 46. "For purposes of the commissioner's suit for an injunction and penalties payable to the state, the court and commissioner are coordinate actors in the achievement of the purposes of the Water Pollution Control Act . . . . Those purposes require an expedited hearing . . . ." Id., 45. (citations omitted). In Carothers v. Connecticut Building Wrecking Co., 19 Conn. App. 216,561 A.2d 971 (1989), the court upheld the dismissal of a defendant's counterclaim for damages in an injunctive action brought under the Solid Waste Management Act by the Commissioner of Environmental protection. The court stated that "[r]esolution of the defendant's claims for damages would be likely to hamper the speedy resolution that we deem the legislature to have intended where it is alleged that conditions may reasonably be expected unreasonably to pollute air, water or natural resources." Id., 222.
In this case, the defendants seek to implead a third party on counts for negligence and wanton conduct in order to obtain indemnification, in a suit brought by the Commissioner of Environmental Protection seeking injunctions and penalties payable to the state to enforce pollution statutes. The legislature intended a prompt resolution of such actions brought by the Commissioner. Therefore, in light of this legislative intent, the motion to implead the Wetlands Agency is denied on the ground that allowing the impleader would unduly delay the trial of the action.
M. Hennessey, J.