[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case the plaintiff bank as fiduciary has brought a declaratory judgment action to determine whether or not the Lilley trust should be terminated and if so, to whom its corpus should be distributed. The counter claimants contend that the bank breached its fiduciary duty to them in permitting dissolution of a real estate holding corporation which the trust instrument contemplated would be kept extant until termination of the trust to permit distribution of the corpus to the stockholders of it. The motion to strike the counterclaim is denied because: (1) the counterclaim could affect the judgment as to whom the distributees should have been; and (2) resolution of disputes in one action also serves judicial economy where the same trust instrument and parties are involved.
This is a declaratory judgment action concerning a trust instrument brought by the trustee, Bank of Boston Connecticut. The following facts are derived from the plaintiff's amended complaint and for purposes of this motion to strike will be taken as true. Blancato v. Feldspar, 203 Conn. 34, 36,533 A.2d 1235 (1987).
The trust in issue was established by the settlor, Frederick Pliney Lilley, in 1933, with two amendments to the trust executed in 1940 and 1948. At the time the trust was established, the settlor held stock in the George L. Lilley Company, which comprised the corpus of the trust at issue. The George L. Lilley Company was dissolved by the plaintiff in 1981.
The plaintiff filed an amended complaint on September 14, 1994, alleging that the terms of the trust agreement are ambiguous as to the following issues:
 (A) Should the Lilley Trust be terminated at this time?
 (B) If the Lilley Trust should be terminated at this time, then to whom should the assets of the Lilley Trust be distributed?
 (C) If the Lilley Trust should not be terminated at this time, then when will the Lilley Trust terminate?
 (D) If the Lilley Trust should not be terminated at this time, then to whom should the assets of the CT Page 4451 Lilley Trust be distributed when it does terminate?
The children, grandchildren and great-grandchildren of the settlor have been named by the plaintiffs as defendants in this action, as well as "the unknown, unborn and unascertained remainder [persons] of the Lilley Trust." (Complaint, ¶ 7.) The plaintiff asks the court, inter alia[1], for a decree determining these aspects of the trust agreement.
Certain of the defendants filed a revised amended three-count counterclaim against the plaintiff on January 19, 1995. In the first count, the defendants, Laura Eloise Ray, Perie Lilley Omohundro, Edward Lee Omohundro, George Frederick Omohundro and Ryan Omohundro ("counterclaim defendants"), allege that according to the terms of the trust agreement, the entire corpus of the trust should be distributed to Laura Eloise Ray and Perie Lilley Omohundro. The second count alleges that the plaintiff breached its fiduciary duty in dissolving the George L. Lilley Company in 1981. The third count alleges that dissolution of the George L. Lilley Company has frustrated the intent of the settlor in establishing the trust, and therefore, the entire corpus of the trust should be distributed to Laura Eloise Ray and Perie Lilley Omohundro.
The plaintiff filed a motion to strike the second count of the counterclaim on February 3, 1994, on the grounds that it is improperly joined to this declaratory judgment action, in that this count does not arise out of the same transaction as required under the Practice Book rules. The plaintiff additionally filed a memorandum of law in support of its motion on that same date. The remaining defendants, Erin Omohundro, Jane P. Omohundro, Eric Omohundro and all unborn and unascertained beneficiaries, filed a motion to strike the second count of the counterclaim, by and through their guardian ad litem, Mark W. Dost, on February 14, 1994, on identical grounds, without prejudice. These defendants join in the memorandum in support of the motion to strike filed by the plaintiff in this matter.[2] The counterclaim defendants filed an objection to the motions to strike and a memorandum in support of their objection on February 16, 1995.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in CT Page 4452 the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "Whenever any party wishes to contest . . . the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152. "[A] plaintiff can demur to a special defense or counterclaim." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716
(1978).
The plaintiff maintains that the second count of the counterclaim does not comply with Practice Book § 116[3], as it does not arise out of the same transaction as the plaintiff's declaratory judgment action. The plaintiff argues that the second count fails the "transaction test" of § 116. This test is "one of practicality, and the trial court's discretion is wide. Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158,161, 459 A.2d 525 (1983). The counterclaim defendants basically argue that as the parties remain the same and the issue involves the same document and the analysis of both the plaintiff's claim and the second count of the defendant's counterclaim involve the plaintiff's actions as fiduciary, "there exists no sound reason why the issues alleged in Count Two of the Counter-Claim may not be joined and considered with claims for termination of this trust." (Memorandum in Support of Objection, pp. 3-4.) There are no other necessary parties beyond those presently joined. The counter-claimants contend that the plaintiff has breached a fiduciary duty in permitting the dissolving of a corporation, the shareholders of which were the ultimate remaindermen of the trust.
A counterclaim is "a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows recovery by the defendant. . . . " (Citation omitted; internal quotation marks omitted.) Home Oil Company v.Todd, 195 Conn. 333, 341, 487 A.2d 1095 (1985); Carothers v.Connecticut Building Wrecking Company, 19 Conn. App. 216, 220,561 A.2d 971 (1989), aff'd in part, rev'd in part for further proceedings, 218 Conn. 580, 590 A.2d 447 (1991). It seems to the court that in the broadest sense the counterclaim does "otherwise affect the plaintiff's claim" if it is determined CT Page 4453 that the trust was intended to continue ownership of the building and ultimately distribute its corpus to the share-holders of the corporation of the building. The plaintiff in this case requests a determination of the intent of the settlor when establishing the trust, as to when the trust terminates and who the proper beneficiaries would be at that time. The second count of the defendant's counterclaim could "otherwise affect" the plaintiff's claim for such a determination as to whom the assets of the trust should be distributed.
Although dealing with landlord tenant matters, the rule in the case of Springfield-Dewitt Gardens, Inc. v. Wood, 143 Conn. 108
seems sound. That case held that "[t]he crucial issue is whether the subject matter of the counter-claim is so connected with the matter in controversy under the original complaint that its consideration is necessary for a full determination of the rights of the parties." Joinder also serves the interests of judicial economy.
The motion to strike is denied.
FLYNN, J.