[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO STRIKEDEFENDANTS' COUNTERCLAIM
The plaintiff, Compass Bank for Savings, is a bank organized under the laws of the Commonwealth of Massachusetts. The defendants, Richard Katz and April Katz, are Connecticut residents. The plaintiff's complaint, dated November 2, 1995, seeks enforcement of a foreign judgment entered in Massachusetts in the amount of $38,732.45 plus interest, costs, and attorney's fees. The judgment represents a deficiency balance resulting from a foreclosure by the plaintiff on a mortgage securing the defendants' real property located in Nantucket, Massachusetts.
On March 19, 1996, the defendants filed a motion to strike the plaintiff's complaint, on the ground that the Massachusetts court lacked personal jurisdiction over the defendants, which was denied by the court, Hendel, J., on April 8, 1996. On November 11, 1997, the plaintiff filed a motion for summary judgment. The motion was denied by the court, Booth, J., on March 11, 1997. The court found that an issue of genuine fact remained regarding whether the Massachusetts court had personal jurisdiction over the defendants. CT Page 3863
On May 16, 1997, the defendants filed an answer and a two count counterclaim. Count one of the defendants' counterclaim alleges that the appraisal and purchase of the Nantucket property were fraudulent in that the plaintiff's appraisal of the property for purposes of the foreclosure proceeding was grossly undervalued, and the plaintiff's employee and/or officer purchased the property. The defendants allege that the Massachusetts judgment will result in an inequitable profit for the plaintiff if it is enforced, and that the defendants have suffered and continue to suffer financial loss. Count two of the counterclaim alleges that the Massachusetts court lacked personal jurisdiction over the defendants since the defendants neither appeared nor consented to service of process in Massachusetts. The defendants allege that since Massachusetts did not have personal jurisdiction over them, the plaintiff wrongfully sought to obtain a deficiency judgement. The defendants allege that as a result of the plaintiff's wrongfully obtained deficiency judgment, the defendants have suffered financial loss.
On October 22, 1997, the plaintiff filed a motion to strike the defendants' counterclaim. The plaintiff also filed a memorandum in support of its motion. On November 5, 1997, the defendants filed an objection to the plaintiff's motion to strike and a memorandum of law in support of their objection.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim, or cross-claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152. "[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant[s] might have secured affirmative relief had [they] sued the plaintiff in a separate action. . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.) Fairfield Lease Corporation v. Romano'sAuto Service, 4 Conn. App. 495, 496, 495 A.2d 286 (1985).
The role of the trial court in ruling on a motion to strike is "to examine the [contested pleading], . . . to determine whether the [pleading party has] stated a legally sufficient cause of action." Dodd v. Middlesex Mutual Assurance Co.,
CT Page 3864242 Conn. 375, 378, 698 A.2d 859 (1997). The court must "construe the facts alleged in the counterclaim in a light most favorable to the pleader. This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the [counterclaim]." (Quotation marks omitted.) Noble v. Marshall,23 Conn. App. 227, 229, 579 A.2d 594 (1990).
The plaintiff first moves to strike the counterclaim on the ground that joinder of the counterclaim will waste judicial resources and thwart the purpose of Practice Book § 116. The defendants argue that the counterclaim is in accord with the purposes of Practice Book § 116. The defendants argue that the counterclaim is proper since their claims arise from the transaction on which the plaintiff is suing.
"In any action for legal or equitable relief, the defendant may file counterclaims against the plaintiff provided that each counterclaim arises out of the transaction that is the subject of the plaintiff's complaint. Practice Book 116."[1] Carothers v. ConnecticutBuilding Wrecking Co., 19 Conn. App. 216, 220, 561 A.2d 971 (1989). "The rule permit joinder of closely related claims arising out of the same transaction where such joinder is in the best interests of judicial economy." Id. "The `transaction test' is one of practicality. . . . Relevant considerations in determining whether the `transaction test' has been met include whether the same issues of fact and law are presented by the complaint and the cross claim and whether separate trials on each of the respective claims would involve a substantial duplication of effort by the parties and the courts." (Citations omitted.)Jackson v. Conland, 171 Conn. 161, 166-67, 368 A.2d 3 (1976). "Where the underlying purposes of Practice Book § 78 [now § 116], to wit, judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counterclaim], the [counterclaim] may properly be expunged." (Quotation marks omitted.) Mechanics Savings Bank v.Townley Corp., 38 Conn. App. 571, 574-75, 662 A.2d 815
1995).[2]
In the present case, the complaint and the counterclaim both arise from the plaintiff's procurement of a deficiency judgment in Massachusetts. The plaintiff seeks enforcement of a foreign judgment and the defendant seeks damages for the plaintiff's allegedly fraudulent procurement of that CT Page 3865 deficiency judgment. The plaintiff alleges that the Massachusetts court had jurisdiction to enter the deficiency judgment, while the defendants dispute Massachusetts' personal jurisdiction. Joinder of these claims is in the best interest of judicial economy because requiring the defendants to bring a separate action would involve a substantial duplication of effort by the parties and the court.
Accordingly, the plaintiff's motion to strike the defendants' counterclaim on the ground that it will thwart the purposes of Practice Book § 116 is denied.
Secondly, the plaintiff moves to strike the defendants' counterclaim on the ground that both counts fail to state any cause of action recognized in the state of Connecticut. The defendants argue that the counterclaim establishes that the Massachusetts court lacked personal jurisdiction over the defendants and that a lack of personal jurisdiction is a valid defense to the enforcement of a foreign judgment. The defendants also argue that their counterclaim alleges that the plaintiff's fraudulent conduct caused the defendants financial loss.
Count one of the counterclaim alleges that the plaintiff fraudulently appraised and purchased the subject property, that the judgment, if enforced, will yield an inequitable profit for the plaintiff, and that as a result of the plaintiff's conduct, the defendants have suffered financial loss.
It appears that in count one of the counterclaim the defendants are attempting to state a cause of action for fraud.[3] However, a "conclusory allegation of fraud is insufficient to meet the requirements of factual pleading. . . . [F]raud must be pleaded with some degree of specificity." Diviney v. Smith, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 287011 (February 26, 1992, Katz, J.). The defendants have not alleged any of the elements of fraud in their counterclaim. Count one sets forth a legal conclusion unsupported by facts in the counterclaim. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992); see alsoNoble v. Marshall, 23 Conn. App. 227, 228, 579 A.2d 594
(1990). Accordingly, the plaintiff's motion to strike is CT Page 3866 granted as to count one since that count fails to state a legally sufficient cause of action.
Count two of the counterclaim alleges that since the Massachusetts court lacked jurisdiction, the plaintiff wrongfully obtained a deficiency judgment, and as a result, the defendants suffered financial loss.
The defendants correctly argue that lack of personal jurisdiction is a valid defense against the enforcement of a foreign judgment. "A party can . . . defend against the enforcement of a foreign judgment on the ground that the court that rendered the judgment lacked personal jurisdiction, unless the jurisdictional issue was fully litigated before the rendering court or the defending party waived the right to litigate the issue." Packer Plastics, Inc. v. Laundon,214 Conn. 52, 56, 570 A.2d 687 (1990). While it may be a proper defense, lack of personal jurisdiction is not a legally sufficient cause of action.
Accordingly, since neither count of the defendants' counterclaim states a legally sufficient cause of action, the plaintiff's motion to strike the counterclaim is granted.[4]
Martin, J.