[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #118
The issues before the court are whether the plaintiff may recover benefits under the uninsured motorist provisions of her automobile liability insurance policy if a tortfeasor-defendant is protected by a policy with higher limits and, secondarily, whether the plaintiff's claims against the tortfeasor and her own insurance carrier are properly joined.
This action arises from an automobile accident involving vehicles operated by the plaintiff, Maria Guidi, and the defendant, Adrian Mitchell. Count one of the complaint alleges negligence against Mitchell. Count two seeks recovery under the uninsured motorist provisions (the endorsement) of the plaintiff's automobile insurance policy issued by the co-defendant Massachusetts Bay Insurance Company (Massachusetts Bay). Massachusetts Bay now moves for summary judgment as to count two on the ground that the plaintiff as a matter of law, may not recover benefits under the endorsement.
The plaintiff alleges the following facts. Prior to July 9, 1996, the date of the accident, Massachusetts Bay issued an automobile liability policy to the plaintiff. The endorsement to the policy obligated Massachusetts Bay to pay all sums, up to $100,000, that the insured would be legally entitled to recover for bodily injury resulting from an accident caused by the owner or operator of an uninsured vehicle. The endorsement defined an uninsured vehicle as a hit-and-run vehicle whose operator or owner cannot be identified.
On July 9, 1996, the plaintiff and defendant Mitchell were driving their vehicles on Glenwood Avenue in the city of Bridgeport. An unidentified parked vehicle unexpectedly pulled out in front of Mitchell. To avoid hitting the vehicle, Mitchell veered into the oncoming traffic and collided with the plaintiff. As a result, the plaintiff suffered injuries and damages.
The plaintiff timely notified Massachusetts Bay of the accident, of her injuries and of her claim for damages pursuant to the endorsement.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In CT Page 15245 deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . ." (Internal quotation marks omitted.) Mafucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554, 707 A.2d 15 (1998).
Massachusetts Bay argues that it is entitled to judgment as a matter of law because uninsured motorist coverage represents a safety net and is not available in circumstances where a plaintiff is otherwise protected. Massachusetts Bay contends that defendant Mitchell disclosed under oath that he has liability insurance in the amount of $250,000, ten times more than the statutory minimum and more than twice the $100,000 limit provided in the plaintiff's uninsured motorist endorsement. Massachusetts Bay thus concludes that Mitchell's policy is more than sufficient to protect the plaintiff, and that she may not recover benefits under the endorsement.
The plaintiff argues that Massachusetts Bay must remain a defendant because there is a genuine issue of fact as to who caused the accident. She argues that the accident may have been caused by the negligence of Mitchell, or of the driver of the unidentified vehicle or of both parties combined. She contends that the unidentified vehicle qualifies as an uninsured vehicle under her endorsement and concludes that, if the unidentified vehicle is liable, she may seek recovery from Massachusetts Bay under certain circumstances. See infra.
Part C of the plaintiff's automobile insurance policy, "Uninsured Motorists Coverage," provides that Massachusetts Bay "will pay compensatory damages which an `insured' is legally entitled to recover from the owner or operator of an `uninsured motor vehicle' because of `bodily injury' . . . [s]ustained by an `insured' . . . and . . . [c]aused by an accident." (Defendant's Supplemental Memorandum of Law, Exhibit A, p. 8.) "`Uninsured motor vehicle' means a land motor vehicle or trailer of any type . . . [w]hich is a hit-and-run vehicle whose operator or owner cannot be identified and which hits . . . `your covered auto.'" (Defendant's Supplemental Memorandum of Law, Exhibit A, p. 8.)
The Connecticut Supreme Court has ruled as a matter of public policy that uninsured motorist coverage will be provided even in accidents where the tortfeasor's conduct, without physicalCT Page 15246contact, causes an otherwise covered insured to sustain personal injuries despite contract language to the contrary. SeeStreitweiser v. Middlesex Mutual Assurance Co., 219 Conn. 371,377, 593 A.2d 498 (1991). Accordingly, the plaintiff correctly concludes that the unidentified vehicle involved in the accident qualifies as an uninsured vehicle under the endorsement, despite the policy language requiring contact.
As for the issue of Massachusetts Bay's liability, it is the public policy of Connecticut "to afford a personal injury claimant access to insurance protection to compensate for the damages that would have been recoverable if the uninsured motorist had maintained an adequate policy of liability insurance." Bennett v. Automobile Ins. Co. of Hartford,230 Conn. 795, 800-01, 646 A.2d 806 (1994). To implement this policy, §38a-334(a) of the General Statutes provides in relevant part: "The Insurance Commissioner shall adopt regulations with respect to minimum provisions to be included in automobile liability insurance policies. . . . Such regulations shall relate to the insuring agreements, exclusions, conditions and other terms applicable to . . . uninsured motorist coverages under such policies. . . ." Section 38a-336(a)(1) of the General Statutes also provides in relevant part: "Each automobile liability insurance policy shall provide insurance, herein called uninsured and underinsured motorist coverage, in accordance with the regulations adopted pursuant to section 38a-334, with limits for bodily injury or death not less than those specified in subsection (a) of section 14-112, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles . . . because of bodily injury. . . ." Section 14-112(a) of the General Statutes requires minimum coverage of $20,000. Under § 38a-336(b), "[a]n insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured and underinsured motorist coverage, exceed the limits of the insured's uninsured and underinsured motorist coverage."
At the time of the accident, defendant Mitchell was covered CT Page 15247 by an insurance policy in the amount of $250,000 per person and $500,000 per accident. (See Defendant's Memorandum of Law, Exhibit 1.) The plaintiff was protected by a Massachusetts Bay policy providing uninsured motorist coverage in the amount of $100,000. (See Defendant's Memorandum of Law, Exhibit 2.) Part C of the plaintiff's policy with Massachusetts Bay provided in relevant part: "Limit of Liability. . . . We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible."[1] (Defendant's Supplemental Memorandum, Exhibit A, p. 9.)
Massachusetts Bay does not dispute the plaintiff's allegation that an unidentified vehicle caused Mitchell to veer into oncoming traffic and collide with the plaintiff. However, since the issue of damages has not yet been fully litigated, it is not known how much the plaintiff may ultimately recover, if anything, under Mitchell's policy. If the jury finds that Mitchell is liable for damages valued at more than $100,000, Massachusetts Bay would be correct in suggesting that no recourse to the plaintiff's uninsured motorist coverage would lie. See § 38a-336(b) (prohibiting recovery under uninsured motorist policy if recovery under other policies exceeds the limits of uninsured coverage). However, if the jury determines that Mitchell is not liable, or that Mitchell's liability amounts to less than $100,000 and the plaintiff's total damages exceed that liability, a different outcome could result.[2] For example, if Mitchell were sixty per cent the cause of $125,000 harm to the plaintiff, Mitchell would pay $75,000 and the plaintiff would be eligible for $25,000 from Massachusetts Bay. The remaining $25,000 would remain uncompensated, of course, as the $100,000 limit is "self-imposed" on the plaintiff by the limit of her own UIM coverage. "The obligation of [an] insurance carrier providing uninsured motorist coverage as a part of its liability insurance coverage on the automobile of the insured person is a contractual
obligation arising under the policy of insurance. . . ." (Emphasis in original; internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 384, 698 A.2d 859
(1997). Therefore, as previously described, the plaintiff could recover from Massachusetts Bay the difference between Mitchell's share and the total damage award, up to the endorsement limit of $100,000, even if Mitchell's policy limit of $250,000 per person has not been exhausted. See Orion Group v. Mencuccini, Superior Court, judicial district of Litchfield, Docket No. 57226 (October 28, 1991, Susco, J.) (where the injured party was not required to CT Page 15248 exhaust the policyholder's liability policy as a prerequisite to recovery pursuant to her uninsured/underinsured motorist benefits); see also Arcucci v. Sanstrom, Superior Court, judicial district of New Britain at New Britain, Docket No. 485592 (April 26, 1999, Robinson, J.) (where the injured party was not required to exhaust the available insurance of the insured tortfeasor when the second tortfeasor was unknown and unidentified). Of course, the plaintiff also could recover from Massachusetts Bay if liability attaches only to the unidentified vehicle. Construing the evidence in favor of the nonmoving party, the court accordingly concludes that recovery from Mitchell alone may well be insufficient to protect the plaintiff.
The plaintiff also argues that the court should deny the defendant's motion alleging misjoinder because a single jury should decide whether damages should be assessed against Mitchell and whether benefits can be recovered from Massachusetts Bay. She contends that, if the defendant's motion is granted and the jury decides that Mitchell was not negligent, a separate trial involving identical witnesses would be required, causing unjust delay, expense and the unnecessary use of scarce judicial resources.
Practice Book § 10-21 "Joinder of Causes of Action," provides that causes of action in contract and tort arising out of the same transaction or transactions connected with the same subject of action may be united in the same complaint. Practice Book §10-22 provides that transactions connected with the same subject of action include "any transactions which grew out of the subject matter in regard to which the controversy has arisen . . . ."
In Frank v. Iacovino, Superior Court, judicial district of Danbury, Docket No. 322458 (March 6, 1996, Moraghan, J.), the court found that a negligence claim and an underinsurance claim arising from a motor vehicle accident were properly joined because both involved the same issues and facts. The court observed that were it not for the alleged negligence of the defendants, the plaintiff would not have had to proceed against the insurance carrier to recover underinsurance benefits. See id.
Here, as in Iacovino, the plaintiff's negligence claim against Mitchell and her insurance claim against Massachusetts Bay arise from a single event, the motor vehicle accident on July 9, 1996. "[J]oinder of closely related claims arising out of the same transaction [should be permitted] where such joinder is in CT Page 15249 the best interests of judicial economy." Carothers v. ConnecticutBuilding Wrecking Co., 19 Conn. App. 216, 220, 561 A.2d 971
(1989). In the present case, the negligence and insurance claims involve the same issues and facts, and the court concludes that judicial economy would be well served if both claims were tried together.
Accordingly, for all of the foregoing reasons, Massachusetts Bay should remain a defendant in this action and, as discussed, its motion for summary judgment must also be denied.
NADEAU, J.