[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#106)
I. Facts:
On June 18, 1999, the plaintiff, Premier Development, Inc. (Premier), filed a complaint against the defendants, Richard G. Thompson and Karin T. Thompson, seeking, inter alia, to foreclose a mechanic's lien on premises owned by the Thompsons (the premises), in order to secure an alleged balance due for the construction of a home on the premises.[1] On November 23, 1999, the Thompsons filed an answer, two special defenses and a six count counterclaim. Premier now moves to strike the special defenses and each count of the counterclaim on the grounds that the special defenses and the counterclaim counts are legally insufficient.
II. Standard:
"[A] plaintiff can [move to strike] a special defense. . . ."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "A CT Page 2959 motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim. . . ." (Citations omitted; internal quotation marks omitted.) Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Citation omitted; emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576,588, 693 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Bhinder v. Sun Company, Inc., 246 Conn. 223, 226,717 A.2d 202 (1998).
III. Discussion:
A. Special defenses:
Premier argues that the first and second special defenses, alleging breach of contract and fraud and misrepresentation, respectively, should be stricken because said special defenses are mere legal conclusions, unsupported by facts. "A motion to strike is properly granted if [a pleading] alleges mere conclusions of law. . . ." Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). The special defenses contain no facts in support of the claims. Accordingly, the special defenses are insufficient as a matter of law.
B. Counterclaim:
1. First count:
Premier argues that the first count of the counterclaim, sounding in fraud and misrepresentation, is legally insufficient because it does not set forth sufficient elements to constitute a cause of action for fraud or misrepresentation.[2] The first count, which is the basis for each subsequent count, alleges the following relevant facts. Premier represented to the Thompsons that it was capable of designing and building a home on the premises. This statement was untrue and constituted a material misrepresentation of fact, which induced the Thompsons to enter into a contract with Premier to build a home on the premises (the contract). Premier was unable to design and build the home in a satisfactory manner and, consequently, Premier terminated the CT Page 2960 contract and left the job. As a result, the Thompsons expended additional sums in order to complete the home, which remains in an unsatisfactory condition.
"The elements of fraudulent misrepresentation are as follows: (1) a false representation must be made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the plaintiff to act; and (4) the plaintiff acted on the false representation to [his] detriment. . . (Citations omitted; internal quotation marks omitted.) Wellington Systems. Inc. v. Redding Group, Inc.,49 Conn. App. 152, 164, 714 A.2d 21, cert. denied, 247 Conn. 905,720 A.2d 516 (1998). The first count adequately alleges each element and is therefore legally sufficient to support a claim for fraud and misrepresentation.
2. Second count:
Premier argues that the second count of the counterclaim, alleging breach of contract, should be stricken because it fails to establish facts to support a duty on behalf of Premier to design the home as Premier was not responsible for designing the home pursuant to the contract. The second count alleges that Premier's actions, in failing to properly design and construct the home, constitute a breach of contract.
Premier's argument, again, relies on facts not alleged in the counterclaim and is inappropriate. See Doe v. Marselle, supra,38 Conn. App. 364. Moreover, the second count alleges a breach of Premier's duty to construct the home under the contract and, therefore, alleges sufficient facts to sustain an action for breach of contract.
3. Third count:
Premier argues that the third count of the counterclaim, alleging emotional distress, should be stricken because it fails to set forth the requisite elements for a claim for either intentional or negligent infliction of emotional distress.[3]
The third count alleges that, due to Premier's alleged misrepresentation concerning its ability to construct the home, Premier "knew or should have known that [its] intentional actions did cause . . . the Thompsons . . . to undergo severe emotional distress" and "[a]s a result of said negligent or intentional infliction of emotional distress, the [Thompsons] suffered pain, CT Page 2961 anguish and a shock to their [systems]. . . ."
The elements for a cause of action for intentional infliction of emotional distress are the following: (1) the defendant intended to inflict emotional distress or knew or should have known that emotional distress was a likely result of his conduct; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct was the cause of the plaintiff's distress; and (4) the emotional distress suffered by the plaintiff was severe. See DeLaurentis v. New Haven, 220 Conn. 225, 266-67,597 A.2d 807 (1991). "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society. . . ." (Citation omitted; internal quotation marks omitted.) Id., 267.
The third count does not allege conduct "exceeding all bounds usually tolerated by decent society" and, therefore, does not allege extreme and outrageous conduct. Accordingly, the allegations do not support a cause of action for intentional infliction of emotional distress.
In order to state a cause of action for negligent infliction of emotional distress, a plaintiff must allege that "the defendant should have realized that his conduct involved an unreasonable risk of causing emotional distress, and that distress, if it were caused, might result in illness or bodily harm." Parsons v.United Technologies Corp. , 243 Conn. 66, 88, 700 A.2d 655 (1997). The third count sufficiently pleads facts sufficient to maintain an action for negligent infliction of emotional distress.
Premier further argues that the third count cannot be asserted as a counterclaim because it does not arise out of the same transaction which is the subject matter of its complaint. Specifically, Premier argues that because General Statutes § 49-33
(h) provides that a mechanic's lien may be foreclosed in the same manner as a mortgage, only those claims that could be raised in an action to foreclose a mortgage, which relate to the making, validity or enforceability of the note, may be raised in an action seeking to foreclose a mechanic's lien.
Practice Book § 10-10 provides, in pertinent part, that "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's CT Page 2962 complaint. . . ." It "permits joinder of closely related claims arising out of the same transaction where such joinder is in the best interests of judicial economy." Carothers v. ConnecticutBuilding Wrecking Co., 19 Conn. App. 216, 220, 561 A.2d 971
(1989), aff'd in part, rev'd in part on other grounds,218 Conn. 580, 590 A.2d 447 (1991).
The court has found no case which limits counterclaims in an action to foreclose a mechanic's lien to the making of the mechanic's lien itself. Moreover, the transaction underlying the making of a mechanic's lien is broader than a transaction underlying a mortgage. A mechanic's lien arises upon the performance by a contractor of certain services and then a failure of one for whom the work was performed to pay a balance due for the contractor's services. See General Statutes § 49-33.
The third count of the counterclaim and Premier's complaint involve the same parties. Moreover, the third count arises, in part, from Premier's performance of the contract pursuant to which Premier seeks to foreclose its mechanic's lien. Furthermore, joinder of this claim will serve the interests of judicial economy as a separate trial involving this claim would result in duplication and inefficiency. As such, the claim for negligent infliction of emotional distress in the third count may be joined in this action.
4. Fourth count:
Premier argues that the fourth count of the counterclaim, alleging a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a, et seq. (CUTPA) in connection with Premier's alleged misrepresentation as to its ability to construct the home, is legally insufficient because it fails to allege that Premier committed the alleged wrongful acts with such frequency as to indicate a general business practice.[4]
There is a split of authority among the judges of the superior court, as yet unresolved by an appellate court, as to whether a single act can constitute a CUTPA violation. See Roache v.Rogers, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 354114 (July 26, 1999, Skolnick, J.). This court finds that the better reasoned approach lies within the majority of superior court decisions which hold that a single transaction can form a violation of CUTPA. Accordingly, the CUTPA claim is legally sufficient. CT Page 2963
5. Fifth count:
Premier argues that the fifth count of the counterclaim, sounding in breach of an express warranty under General Statutes § 47-117 and breach of an implied warranty under General Statutes § 47-118, should be stricken because it sets forth mere legal conclusions. The fifth count incorporates the allegations of the first count, sounding in fraud and misrepresentation, and alleges that said actions on behalf of Premier constitute breaches of warranty in violation of § 47-117 and § 47-118.
"A motion to strike is properly granted if [a pleading] alleges mere conclusions of law. . . ." See Novametrix Medical Systems,Inc. v. BOC Group. Inc., supra, 224 Conn. 215. The fifth count fails to specify the terms of the express warranty or the manner in which it was breached. Section 47-118 delineates a number of warranties which may be implied pursuant to a sale of an improvement by a vendor. The fifth count, however, fails to set forth the specific warranties claimed to have been breached under § 47-118 or the manner in which the implied warranties were breached. According, the claims under § 47-117 and § 47-118 are insufficient as a matter of law.
6. Sixth count:
Lastly, Premier argues that the sixth count of the counterclaim, sounding in conversion and statutory theft under General Statutes § 52-564, should be stricken as it fails to allege legally sufficient facts to support the claims.[5] The sixth count alleges that during construction of the home, Premier caused certain items to be removed in violation of the Thompsons' orders and caused the same to be stolen, thereby depriving the Thompsons from the use of said items.
"Conversion occurs when one assumes and exercises the right of ownership over property belonging to another, without authorization and to the exclusion of the owner's rights." Plikusv. Plikus, 26 Comm. App. 174, 180, 599 A.2d 392 (1991). Section52-564 provides: "Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." The sixth count fails to specify the items allegedly converted or stolen by Premier and, more importantly, fails to allege the legal interest, if any, in said items by the Thompsons. Accordingly the sixth count fails to CT Page 2964 allege a legally sufficient action for conversion or statutory theft.
IV. Conclusion:
For the reasons herein stated, it is concluded that Premier's motion to strike the counterclaim with respect to the first and second special defenses, and the fifth and sixth counts ought to be and is hereby granted. It is further concluded, as to count three, that Premier's motion to strike the claim for intentional infliction of emotional distress ought to be and is hereby granted, whereas its motion to strike the claim for negligent infliction of emotional distress ought to be and is hereby denied. Finally, it is concluded that Premiere's motion to strike the first count, second count, and fourth count ought to be and is hereby denied.
It is so ordered.
By the court,
Arena, J.